IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALJAWON DAWYANE MILES, ) | | |
| #255 161, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | 2:11-CV-150-ID | |
| v. ) | | |
| ) | (WO) | |
| LT. TYRONE JENKINS, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

# **O R D E R**

This cause is presently before the Court on Plaintiff's motion for a temporary restraining order against certain officials at the Bullock County Correctional Facility. (Doc. #17). The motion also contains a request for a preliminary injunction. For the following reasons, the Court finds that the Plaintiff's motion for a temporary restraining order is due to be denied. The Court will refer the motion for a preliminary injunction to the United States Magistrate Judge for further proceedings.

## I. Facts

The following statement of facts comes from the Plaintiff's pleadings in this case. The Plaintiff's underlying complaint alleges that the Defendants violated the Plaintiff's Eighth Amendment rights when they beat him and caused injuries to his right shoulder, right hand, lip, and left eye. (Docs. #1 and #15). Sergeant Michael Oree and Sergeant Dominique Whitley are named defendants in the underlying lawsuit and are the primary subjects of the

1

Plaintiff's current motion.

In his motion for injunctive relief, the Plaintiff claims that on March 23, 2011, Sergeant Oree woke the Plaintiff up by beating on his cell door late at night. (Doc. #17, 2). The Plaintiff claims that Sergeant Oree used racial epithets and asked why the Plaintiff had filed a lawsuit against him. (*Id.*). According to the Plaintiff, Oree asked if the Plaintiff thought the lawsuit would prevent Oree from "fucking [him] up." (*Id.*). After the Plaintiff went back to bed, Oree beat on the cell door again for a few more seconds. (*Id.*). The Plaintiff claims that Oree continues to harass him daily.

The Plaintiff also claims that he found glass in his breakfast grits on March 29, 2011 and that, as a result of the glass, he suffered cuts in his mouth that required him to go to the health care unit for medical attention. (*Id.*). There is no allegation that any of the defendants in this case was responsible for tampering with the Plaintiff's food, but the Plaintiff's amendment to his complaint does claim that the glass was placed in his food during Sergeant Oree and Sergeant Whitley's shift. (Doc. #16, 1). According to the Plaintiff, Sergeant Whitley escorted him to the health care unit and remarked that maybe now the Plaintiff would drop the lawsuit. (Doc. #17, 2). The Plaintiff claims that Sergeant Whitley and Sergeant Oree harassed the Plaintiff when he left the health care unit and that Whitley informed the Plaintiff that he would continue to beat inmates without regard for the consequences. (*Id.* at 2-3). Lastly, the Plaintiff claims that Sergeant Whitley tore up the Plaintiff's legal mail. (*Id.* at 3).

In his motion, the Plaintiff requests a preliminary injunction as to Sergeant Whitley and Sergeant Oree, and "[a]gents and employees and all other persons acting in concert and participation with them" to prevent them from harassing and threatening the Plaintiff and to keep them away from his food. (Doc. #17, 1). The Plaintiff seeks a temporary restraining order to keep them from harassing and threatening him while the preliminary injunction is pending. (*Id.*).

## II. Legal Standard

A temporary restraining order is an "extraordinary and drastic remedy[.]" *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain a temporary restraining order, a Plaintiff must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Injunctive relief will not issue unless the alleged misconduct is imminent and no other relief or compensation is available. *See Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987). Ultimately, the decision to grant or deny the relief is within the "sound discretion of the district court." *Sierra Club v. Georgia Power Co.*, 180 F.3d 1309, 1310 (11th Cir. 1999) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)).

### III. Discussion

The Court first considers whether the Plaintiff has shown a substantial likelihood of success on the merits. "The Eighth Amendment ban on cruel and unusual punishment protects prisoners from punishment involving 'the unnecessary and wanton infliction of pain [and] the imposition of pain totally without penalogical justification.'" *McReynolds v. Alabama Dept. of Youth Services*, 204 F. App'x 819 (11th Cir. 2006) (quoting *Evans v. Dugger*, 908 F.2d 801, 803 (11th Cir. 1990). To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm and (2) that more than a de minimis force was applied. *Accord Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007); *Wilkins v. Gaddy*, --- U.S. ---- , 130 S. Ct. 1175, 1176 (2010) (reaffirming that the proper approach is to focus on the nature of the force applied rather than the extent of the injury suffered).[1]

After reviewing the Plaintiff's complaint, the multiple amendments to his complaint, and his current motion, the Court concludes that the Plaintiff has not shown a substantial likelihood of success on the merits. For example, the Plaintiff fails to show that he is likely to succeed in demonstrating that the Defendants acted with a malicious and sadistic purpose to inflict harm or that more than a de minimis force was applied.

The Plaintiff also fails to demonstrate that he will suffer irreparable injury unless a

---

[1] The Court did note, however, that the absence of serious injury is not irrelevant. The extent of injury could indicate whether the use of force was thought to be necessary, and it could provide an indication of the amount of force actually applied. *See Wilkins*, 130 S.Ct. at 1178.

temporary restraining order is granted.  To qualify as irreparable, "the injury must be neither remote nor speculative, but actual and imminent."  *Northeastern Florida Chapter of Ass'n of General Contractors*, 896 F.2d 1283, 1285 (11th Cir. 1990).  Simply put, the alleged facts do not indicate imminent and irreparable harm.

Additionally, the Plaintiff has not shown that the threatened injury outweighs any harm that the temporary restraining order would cause to the non-moving party.  Lastly, the Plaintiff has not shown that the issuance of an injunction would serve the public interest.

### IV.  Conclusion

In light of the foregoing, it is ORDERED that the Plaintiff's motion for a temporary restraining order (Doc. #17) be and the same is hereby DENIED.

It is further ORDERED that the Plaintiff's motion for a preliminary injunction (Doc. #17) be REFERRED to the United States Magistrate Judge for further proceedings.

DONE this the 7th day of April, 2011.

/s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE