IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ALJAWON DAWYANE MILES,                *
#255 161
      Plaintiff,                            *

      v.                                    *        2:11-CV-150-ID
                                                (WO)

LT. TYRONE JENKINS, *et al.*,         *

      Defendants.                           *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

      This matter comes before the court on Plaintiff's Motion for a Preliminary Injunction.

Plaintiff seeks to prohibit Defendants from harassing and threatening him and being near his

food.[1]   As directed, Defendants filed a response  to Plaintiff's request for issuance of a

preliminary injunction.  (*Doc. No. 23*.) Upon consideration of Plaintiff's motion for a

preliminary injunction and Defendants' response thereto, the court concludes that the motion

is due to be denied.

## I.  STANDARD OF REVIEW

      "The decision to grant or deny a preliminary injunction "is within the sound discretion

of the district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations

omitted).  This court may grant a preliminary injunction only if Plaintiff demonstrates each

_____

[1]Plaintiff states that while eating breakfast on March 29, 2011 he cut his mouth on glass which he
found in his grits.  (*Doc. No. 17.*)   Plaintiff does not allege that any of the named defendants were
responsible for placing glass in his food.

of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983); *see also Parker v. State Board of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the

controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).   The "extraordinary remedy" provided by an injunction is only available when a "legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." *Alabama v. United States Army Corps of Eng'rs,* 424 F.3d 1117, 1127 (11th Cir. 2005).

## II. DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Plaintiff has proven a substantial likelihood of success on the merits. Defendants  argue that Plaintiff has failed to do so. (*Doc. No. 23*.)   Defendants further note that this court previously denied Plaintiff's request for a temporary restraining order upon review of the complaint, the amendments thereto, and the request for injunctive relief, finding that Plaintiff had not shown a substantial likelihood of success on the merits. (*See Doc. No. 20*.) *See Parker,* 275 F.3d at 1034-35 ("A TRO or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits.").

After reviewing Defendants' response to Plaintiff's request for preliminary injunctive relief, the court cannot say that Plaintiff has shown a substantial likelihood of success on the merits.  Having thoroughly reviewed the request for a preliminary injunction and in light of applicable federal law, the court concludes that Plaintiff fails to carry his burden.

Specifically, the law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *See McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973); *Evans v. City of Zebulon, GA,* 351 F.3d 485, 495-496 (11th Cir. 2003)

Having found Plaintiff has failed to satisfy the first requirement for a preliminary injunction, the court need not consider the other factors. *See Church*, 30 F.3d at 1342; *Siegel,* 234 F.3d at 1176.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by Plaintiff (*Doc. No. 17*) be DENIED; and

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **May 9, 2011** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted

by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 25th day of April, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE